UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS BUCIO-MENDOZA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL L. BENOV,<br><br>　　　　Respondent. | Case No.: 1:14-cv-00223 AWI JLT<br><br>FINDINGS AND RECOMMENDATION GRANTING THE MOTION TO DISMISS (Doc. 12)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME NUNC PRO TUNC (Doc. 11) |

　　　　Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## PROCEDURAL HISTORY

　　　　The petition challenges the validity of a prison disciplinary hearing on the grounds that the hearing was conducted by and a decision rendered by an employee of the privately-run prison rather than by an employee of the Bureau of Prisons. (Doc. 1) In the current motion to dismiss[1], Respondent asserts that the petition is moot because Petitioner has already received the relief sought because the disciplinary proceedings were reopened and the decision was subsequently affirmed by an employee of the BOP. (Doc. 12) On July 7, 2014, the Court issued an Order to Show Cause why the petition

---

[1] Respondent filed a motion or a seven-day extension of time to respond to the petition. (Doc. 11) This motion is **GRANTED** nunc pro tunc.

should not be dismissed as moot and gave Petitioner thirty days within which to file a response.  (Doc. 13)  Petitioner has filed no opposition to the motion to dismiss nor has he responded to the Order to Show Cause.

## **DISCUSSION**

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); <u>N.A.A.C.P., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* <u>Aetna Life Ins. Co. v. Hayworth</u>, 300 U.S. 227, 240-241 (1937).

Here, the instant petition requests that the custody credits forfeited as a result of the disciplinary hearing be restored because the hearing was unauthorized.  (Doc. 1, p. 9).  However, Petitioner has not established that he is legally entitled to such relief.  To the contrary, his contention is that the hearing was not conducted by and the decision was not made by an employee of the BOP as required by federal law.  Any relief, therefore, that this Court could require based on Petitioner's claims would be to ensure that he obtains a rehearing of the disciplinary charges before an authorized employee of BOP.   Petitioner has not cited, and the Court is unaware of, any federal precedent that would automatically require dismissal of the disciplinary charges and restoration of the forfeited credits where Petitioner has been given a rehearing before authorized personnel.

 This appears to be precisely the relief provided by Respondent, as evidenced by the declaration attached to the motion to dismiss, which establishes that, on June 17, 2014, Petitioner's disciplinary hearing and the decision issued therein were reheard and approved by an employee of the BOP, as required by federal regulations and statutes.  (Doc.12, Ex. 1, Decl. of Christopher Cruz, p. 3).  Because Petitioner has received the relief he was entitled to seek in the petition, and because there is

no further relief that this Court can provide to Petitioner, the petition is now moot.[2]  Hence, Respondent's motion to dismiss should be granted.

### **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (Doc. 12), be **GRANTED** and the petition be **DISMISSED as MOOT**.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 21 days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 10, 2014**             **/s/ Jennifer L. Thurston**
                                  UNITED STATES MAGISTRATE JUDGE

---

[2] The gravamen of Petitioner's claim goes to the individual that conducted the hearing and issued the decision, not to the manner in which the hearing itself was conducted.  Petitioner does not contend that his federal due process rights were violated during the hearing. Nor does Petitioner allege that he is innocent of the disciplinary charge or that the result was incorrect.  Hence, rehearing of the disciplinary charges before an authorized employee of the BOP rectifies the deficiency identified in the petition, and no further relief is required or justified.